ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JASON M. WILEY, ESQ.
Nevada Bar No. 009274
**KOLESAR & LEATHAM**
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   rcaldwell@klnevada.com
          jwiley@klnevada.com

Edmund W. Searby, Esq.
Baker & Hostetler LLP
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, Ohio 44114-3482
Telephone: 216.621.0200
Facsimile: 216.696.0740
E-Mail:   esearby@bakerlaw.com

Attorneys for Defendant
GUARDIAN CAPITAL ADVISORS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEEHAN TENNESSEE INVESTMENTS, LLC, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GUARDIAN CAPITAL ADVISORS, INC., et al., <br><br> Defendants. | CASE NO. 3:14-cv-00500-RCJ-WGC <br><br> **MOTION OF DEFENDANT GUARDIAN TO FILE INSTANTER A REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |

Defendants Guardian Capital Advisors, Inc. and Kenneth Miller's (collectively, "Guardian") hereby move the Court for leave to file their reply brief one day past the original

deadline of December 22, 2014. A copy of that reply brief is attached as Exhibit A.

Lead counsel for Guardian was out of the office from Thursday, December 18, 2014 until today, Tuesday, December 23, 2014, and had a miscommunication with his office about filing the reply brief in his absence.

Guardian does not believe that either the plaintiffs or the Court will be prejudiced by this brief delay. Moreover, Guardian's reply brief should assist the Court in deciding its pending motion to dismiss.

Guardian therefore requests that the Court accept as filed the attached Reply in Support of Guardian's Motion to Dismiss.

DATED this 23rd day of December, 2014.

KOLESAR & LEATHAM

By _____
ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JASON M. WILEY, ESQ.
Nevada Bar No. 009274
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

Attorneys for Defendant
GUARDIAN CAPITAL ADVISORS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham and that on the 23rd day of December, 2014, I caused to be served a true and correct copy of foregoing **MOTION OF DEFENDANT GUARDIAN TO FILE INSTANTER A REPLY IN SUPPORT OF ITS MOTION TO DISMISS** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

_____
An Employee of KOLESAR & LEATHAM

# EXHIBIT "A"

**EXHIBIT "A"**

ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JASON M. WILEY, ESQ.
Nevada Bar No. 009274
**KOLESAR & LEATHAM**
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:    rcaldwell@klnevada.com
           jwiley@klnevada.com

Edmund W. Searby, Esq.
Baker & Hostetler LLP
PNC Center
1900 East Ninth Street, Suite 3200
Cleveland, Ohio 44114-3482
Telephone: 216.621.0200
Facsimile: 216.696.0740
E-Mail:    esearby@bakerlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEEHAN TENNESSEE INVESTMENTS, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GUARDIAN CAPITAL ADVISORS, INC., et al.,<br><br>Defendants. | CASE NO. 3:14-cv-00500-RCJ-WGC<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANTS GUARDIAN CAPITAL ADVISORS, INC. AND KENNETH A. MILLER TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

In opposing defendants Guardian Capital Advisors, Inc. and Kenneth Miller's (collectively, "Guardian") motion to dismiss, Plaintiffs—ignoring this Circuit's clearly-established Rule 12 precedent—ask this Court to look beyond the four corners of its complaint to the nearly 50 pages

of exhibits attached to their opposition brief. In effect, Plaintiffs have conceded that without this additional evidence—evidence the Court cannot consider—their claims fail as a matter of law. Moreover, Plaintiffs' new "evidence" does not change the essential facts of the case. First, not only is Plaintiffs' fraud claim insufficiently pleaded, it is based on a mere promise to act, which is not actionable. And second, Plaintiffs' breach of contract claim is foreclosed by the plain language of the parties agreement, which conditioned Guardian's obligations on the closing of the loan, which never occurred.

Accordingly, because Plaintiffs' improperly-submitted exhibits cannot be considered on a motion to dismiss, and in any event fail to establish a viable claim, the Court should dismiss Plaintiffs' complaint in its entirety.

## ARGUMENT

**I.  Plaintiffs cannot introduce new evidence in opposition to a motion to dismiss.**

In a vain attempt to rehabilitate the deficiencies in their complaint, Plaintiffs have attached two multi-document exhibits—a total of almost 50 pages—arguing that this "extensive supporting documentation" supports their fraud and breach of contract claims and saves their complaint from dismissal. (Opp. at 7.)

But "when one party moves to dismiss solely upon the pleadings, as is the present case, it is inappropriate for the responding party to introduce extraneous materials" to the case. *Collins v. Palczewski*, 841 F. Supp. 333, 334 (D. Nev. 1993) (refusing to consider evidence outside the complaint).

Indeed, "[t]his Court may not consider evidence on a Motion to Dismiss," but instead "may only consider material contained in the Complaint itself." *Cardinale v. La Petite Academy, Inc.*, 207 F. Supp. 2d 1158, 1161 n.1 (D. Nev. 2002).

Thus, Plaintiffs' exhibits carry no weight here. And because Plaintiffs' opposition rests almost entirely on facts contained in its exhibits rather than its complaint, the Court should dismiss Plaintiffs' claims.

## II. With or without additional evidence, Plaintiffs' claims fail as a matter of law.

### A. Plaintiffs' fraud claim is not alleged with specificity and is based on a non-actionable promise to act.

As discussed at length in Guardian's motion to dismiss, Plaintiffs' fail to "allege, at a minimum, the 'who, what, when, where, and how' of [the] fraud," thus requiring dismissal. *In re Hansen Natural Corp. Secs. Litig.*, 527 F. Supp. 2d 1142, 1153 (C.D. Cal. 2007).

Plaintiffs' conclusory allegation that Guardian misrepresented its "ability" or willingness to fund the loan is insufficient. Not only do Plaintiffs fail to allege the details of that alleged misrepresentation, Plaintiffs offer no evidence—apart from a letter from one potential lender recognizing that "due diligence was ongoing" on the loan—that Guardian lacked the ability to ultimately fund the loan. Thus, as alleged, Plaintiffs' fraud claim plainly fails as a matter of law to satisfy the requirements of Rule 9(b).

Indeed, the only so-called "misrepresentation" alleged with any specificity is a statement from the loan commitment letters that Guardian "agrees to make the loan to borrower, *subject to the terms of this Commitment.*" (Opp. at 8.) Not only is this not a representation of fact, which is a basic requirement of a fraud claim, it is merely a contractual promise to act—and a conditional one at that—which is not actionable as a matter of law. *See Gervace v. Master Foods, Inc.*, No. 37643, 1978 WL 218137, at *5 (Ohio Ct. App. Oct. 12, 1978) ("An unfulfilled promise to do something in the future, gives rise to an action for breach of contract, not a fraudulent misrepresentation."); *Arciero & Sons, Inc. v. Shell W. E & P, Inc.*, 990 F.2d 1255 (Table), 1993 WL 77274, at *2 (9th Cir. 1993) ("Fraudulent representations must concern existing material facts. Predictions of future events are ordinarily considered non-actionable."); *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 602 (6th Cir. 1988) ("Ohio courts repeatedly have stated that it is no tort to breach a contract, regardless of motive.").

Because Plaintiffs' complaint fails to allege a fraud claim with the requisite specificity, and because Guardian's failure to close the loan before the foreclosure deadline is, at best, a breach of the commitment letters, Plaintiffs' fraud claim should be dismissed.

//

III. **Plaintiffs' breach of contract claim is barred by the plain language of the commitment letters, which cannot be altered by oral agreement.**

The March 4, 2012 commitment letter on which Plaintiffs rely is a self-described "*Proposed Credit Facility.*" (Compl. Ex. A-2 at 1.) The letter makes clear that it "does not include all provisions that shall be contained in the Loan Documents." (*Id.*) The attached "Loan Commitment Term Sheet"—incorporated by reference into the second commitment letter— further states that "any binding obligation of [Guardian or Plaintiffs] with respect to the proposed transaction shall arise only upon execution and delivery of definitive documentation." (*Id.* at 7) (emphasis added). Most importantly, as Plaintiffs admit in their opposition, the commitment letter itself states that "[i]f the Closing of the Loan has not occurred by the Expiration Date"— namely, April 15, 2014—"all rights of [Plaintiffs] to obtain the loan shall automatically and immediately terminate without notice." (*Id.* at 2.)

Plaintiffs' only refuge from this plain language is their argument—unsupported by any allegation in the complaint, or even any of the improper exhibits attached to the opposition—that the expiration clause applies only to *Keehan's* failure to meet the closing conditions. (Opp. at 9.) But, as the language quoted above makes clear, the commitment contains no such limitation. It simply says: "If the closing conditions have not been satisfied and the loan funded . . . the parties' obligations under this Commitment to close the Loan shall cease." (*Id.*)

Plaintiffs also argue that the parties orally agreed to extend the expiration of the loan commitment to April 24, 2014—the foreclosure date. (*Id.* at 10.) While Plaintiffs claim that Ohio law generally permits oral modifications of a contract, Plaintiffs fail to reconcile that with the loan commitment's clear prohibition against oral modification. The commitment letter specifically states: "This Commitment may not be amended or modified except in a writing executed by both parties." (Am. Compl. Ex. A-2 at 3.)

Plaintiffs' likewise fail to overcome Ohio's statute of frauds, arguing only that Ohio Rev. Code § 1335.02—which prevents oral modifications of loan agreements—does not apply because Guardian is not a "financial institution." But the parties' alleged oral modification is barred by other provisions of Ohio's statute of frauds. For example, Ohio's statute of frauds

requires that all interests in land—including security interests—be granted in writing. Ohio Rev. Code § 1335.04; *Carr v. Acacia Country Club Co.*, 970 N.E.2d 1075, 1089 n.23 (Ohio Ct. App. 2012). Similarly, Ohio's statute of frauds prohibits oral contracts that contemplate performance beyond one year. Ohio Rev. Code § 1335.05. The loan commitment, however, sets a two-year repayment period, again implicating the statute of frauds. (Am. Compl. Ex. A-2 at 8, defining "Term.")

But all of these arguments are ultimately beside the point, because whether the loan commitment expired on April 15th or April 24th, the parties did not close the loan by either date, thus "all rights of [Plaintiffs] to obtain the loan . . . automatically and immediately terminate[d] without notice." (Am. Compl. ¶ 37 and Ex. A-2 at 2.)

Thus, even if the parties orally extended the expiration date to April 24th, the plain terms of the loan commitments condition Guardian's obligation to lend on events that never occurred. Thus, Plaintiffs' contract claim fails as a matter of law.

## CONCLUSION

For all of the foregoing reasons, and for the reasons described in the memorandum supporting Guardian's motion to dismiss, the Court should dismiss all claims against Defendants Guardian Capital Advisors and Kenneth Miller.

DATED this 23rd day of December, 2014.

KOLESAR & LEATHAM

By: _____
ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JASON M. WILEY, ESQ.
Nevada Bar No. 009274
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

Attorneys for Defendant
GUARDIAN CAPITAL ADVISORS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham and that on the 23rd day of December, 2014, I caused to be served a true and correct copy of foregoing in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

_____
An Employee of KOLESAR & LEATHAM