UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| KEEHAN TENNESSEE INVESTMENT, LLC et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GUARDIAN CAPITAL ADVISORS, INC. et al., <br><br> Defendants. | 3:14-cv-00500-RCJ-WGC <br><br> **ORDER** |

This case, which has been transferred to this District from the Northern District of Ohio under 28 U.S.C. § 1404(a), arises out of negotiations for a commercial loan and the lender's alleged dishonor of a promise to complete the transaction. Pending before the Court is a Motion to Dismiss (ECF No. 64). Before the Court addresses that motion, however, it will require Defendants to show that subject matter jurisdiction lies under §§ 1332(a) and 1441(a). The Court has significant doubts as to its jurisdiction over this matter, because the removed version of the Complaint includes as parties the following unincorporated associations whose citizenships are not properly alleged: (1) Plaintiffs Keehan Tennessee Investment, LLC, Durham Ridge Investments, LLC, Westlake Briar, LLC, Keehan Trust Funding, LLC, and 951 Realty Ltd. (a limited liability company according to the Ohio Secretary of State's website); and (2) Defendant Praetorium Secured Fund I, L.P.

Removing defendants bear the burden of showing subject matter jurisdiction, which in the present case requires a showing of complete diversity. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939). Defendants have not alleged the citizenships of the members of the party limited liability companies. They have alleged the citizenships of the partners of Praetorium Secured Fund I, L.P., but without having identified those partners by name, it is not clear whether one or more of them is itself an unincorporated association whose citizenship has, like the other limited liability companies in the case, been wrongly assumed to be the same as its place of registration and principal place of business. Without knowing the citizenships of the limited liability companies and partnership that were parties to the case at the time of removal, as well as the citizenships of any unincorporated associations who may in turn be members or partners of those entities, etc., the Court cannot be satisfied that it has jurisdiction over the case. *See Johnson v. Colombia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *accord Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *inter alia*, *id.*) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."). Places of registration and principal places of business of unincorporated entities are inapposite to the diversity analysis.

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that Defendants shall have twenty-eight (28) days to conduct jurisdictional discovery and make a further statement of removal alleging the citizenships of the parties, i.e., the identities and citizenships of all members of any limited liability company and the identities and citizenships of all partners of any partnership. Plaintiffs shall promptly respond to any relevant discovery requests.

IT IS SO ORDERED.

Dated this 21st day of January, 2015.

_____
ROBERT C. JONES
United States District Judge