# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

_____
)
KEEHAN TENNESSEE INVESTMENT,           )
LLC et al.,                            )
                                       )
                Plaintiffs,            )
                                       )        3:14-cv-00500-RCJ-WGC
        vs.                            )
                                       )              **ORDER**
                                       )
GUARDIAN CAPITAL ADVISORS, INC. et     )
al.,                                   )
                                       )
                Defendants.            )
_____)

This case, which has been transferred to this District from the Northern District of Ohio under 28 U.S.C. § 1404(a), arises out of negotiations for a commercial loan and the lender's alleged dishonor of a promise to complete the transaction.  The Court previously ordered Defendants to make a further statement of removal to show complete diversity under § 1332(a) because the Complaint and Notice of Removal identified several unincorporated entities without properly alleging their citizenships.  Defendants filed a Notice of Lack of Diversity Jurisdiction when Plaintiffs' answers to their jurisdictional interrogatories revealed a lack of complete diversity.  The Court granted Plaintiffs' subsequent motion to remand.[1]

_____

1 Although Defendants opposed based on the contractual forum selection clause providing for exclusive jurisdiction in Reno, Nevada, the Court had no option but to remand. *See* 28 U.S.C. §1447(c).  Defendants must make their venue-based arguments to the state court in Ohio via a motion to dismiss.  This Court, like the district court in the Northern District of Ohio, has no subject matter jurisdiction over the case and therefore cannot rule on the venue issue.

Plaintiffs also requested attorney's fees and costs related to the improper removal under 28 U.S.C. § 1447(c).  The Court did not previously address that request but does so now. Defendants have filed a counter-motion for fees and costs under § 1447(c).  Each side accuses the other of having caused the improper removal.  Plaintiffs accuse Defendants of having removed without any reasonable basis, and Defendants accuse Plaintiffs of having caused Defendants to believe removal was proper by failing to properly plead their own citizenships.

A district court has discretion to award fees under the statute. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  The determination turns on the objective reasonableness of a defendant's removal. *See Martine v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").  The Court of Appeals has left open whether fees and costs are awardable to removing defendants under § 1447(c). *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 n.1 (9th Cir. 1995) (citing *Vaughan v. McArthur Bros.*, 227 F. 364 (8th Cir. 1915)) ("We leave for another day the question of whether a plaintiff who intentionally misleads the defendant into thinking that the case is subject to federal removal jurisdiction when it is not may be forced to bear the costs of such imprudence.").  At least two Courts of Appeals permit costs to a removing defendant under such circumstances.

First, in *Vaughan*, the Eighth Circuit case cited by the Court of Appeals in *Baddie*, the Illinois defendant had removed, claiming that the plaintiff partners were citizens of Missouri and New York, respectively, as stated in the contract at issue. *See Vaughan*, 227 F. at 364–65.  After eight years of litigation in the circuit court, the plaintiffs filed a motion to remand, claiming that one of the plaintiff partners had in fact been an Illinois citizen at the time of removal. *See id.* at

366.  The circuit court granted the motion to remand but taxed costs against the plaintiffs because an award of fees and costs to the removing defendant was appropriate under the prevailing statute:

> [T]he plaintiffs presumptively knew all the time that the plaintiff Conroy was a citizen of Illinois, and yet from June 2, 1905, to April 22, 1913, nearly eight years, they never called that fact to the attention of the court.
>
>             . . . .
>
>         It is true that in several cases cited by the plaintiffs, and numerous other cases, the whole costs have been ordered taxed to the party removing, and doubtless such order was justified by the facts then before the court.  But if Congress thought cases should only be dismissed at plaintiff's costs, and only remanded at the cost of the party removing, why did it not say so, instead of saying the court "shall make such order as to costs as shall be just."

*Id.* (quoting Act of Mar. 3, 1875, ch. 137, § 5, 18 Stat. 470, 472).  The statute today reads similarly, permitting the district court to "require payment of just costs . . . incurred as a result of the removal." 28 U.S.C. § 1447(c).

Second, the Seventh Circuit has recently ruled that the statute permits awards of fees and costs to removing defendants. *See Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (Wood, J.).  In *Micrometl Corp.*, the district court granted the removing defendant's own motion to remand where the plaintiff had alleged over $100,000 in damages, causing removal, but the defendant had learned through discovery that less than $40,000 was truly at stake. *See id.* at 469.  The district court denied the defendant's motion for fees and costs, however, because the defendant had delayed alerting the district court to the issue for ten months after discovering it. *See id.* at 471.  Although the plaintiff should have opposed removal or at least alerted the district court to the jurisdictional problem, the defendant had also delayed alerting the district court to the problem until litigation did not unfold as it had hoped, and the district court therefore did not abuse its discretion in requiring the equally culpable sides to pay their own costs. *See id.*

The question being open in this Circuit, the Court agrees with the Seventh and Eighth Circuits that fees are not categorically unavailable to removing defendants.  The Court first finds that Defendants had an objectively reasonable basis for removing, and attorney's fees and costs are therefore denied to Plaintiffs. *See Martine*, 546 U.S. at 136.  Indeed, Plaintiffs do not even argue that Defendants had no objectively reasonable basis to remove.  The Complaint affirmatively alleged the citizenships of the Plaintiff limited liability companies and the Defendant limited partnership as if they were corporations, i.e., it alleged their places of registration and principle places of business. (*See* Compl. ¶¶ 1, 4, 5, 6, 8, 10, ECF No. 1-1).  It was not objectively unreasonable for Defendants to remove based on the allegations in the Complaint.

The remaining question is whether Plaintiffs can be said to have caused the improper removal and whether it would be just to require them to pay Defendants' related costs. Defendants argue that Plaintiffs' failure to properly allege their own citizenships caused the improper, but objectively reasonable, removal.  The Court agrees.  Although there is no evidence of intent to cause an improper removal, Plaintiffs' pleading was grossly negligent as to the jurisdictional facts relevant to diversity under clear Sixth Circuit authority—facts that were necessarily within Plaintiffs' knowledge when they filed the Complaint, i.e., Plaintiffs' own citizenships. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  It was not merely a passive failure of Plaintiffs to properly identify their own citizenships, e.g., an omission of the relevant jurisdictional facts, that caused Defendants to reasonably remove in Ohio, but Plaintiffs' active pleading of their citizenships as the states of their places of registration and principle places of business.[2]  Plaintiffs did nothing to remedy the improper

---

2 Although the expense of the federal litigation might have been avoided had Defendants demanded jurisdictional discovery in state court before removing, which tactic would have

removal for over eight months, despite their knowledge of the lack of complete diversity, until

the Court noted the potential lack of diversity *sua sponte* and granted Defendants jurisdictional

discovery.  In the meantime, Defendants incurred the costs of removing, litigating a transfer

motion, and jurisdictional discovery, and perhaps other costs that would not have been incurred

but for the improper removal.[3]  The Court therefore grants the counter-motion under §1447(c) in

part and invites Defendants to file an affidavit and supporting documentation under Local Rule

54 as to their fees and costs incurred as a result of the improper removal.  Plaintiffs may of

course oppose Defendants' claimed rates, hours, and whether particular fees or costs were

incurred as a result of the removal, but the Court will not revisit whether fees and costs are

appropriate as a general matter.

///

///

///

///

///

///

///

---

preserved their right to remove, *see* 28 U.S.C. § 1446(b)(3), the additional expense of that jurisdictional discovery would have been necessitated by Plaintiffs' failure to properly plead their own citizenships.  And it is not even certain the state court would have permitted jurisdictional discovery for the purposes of a potential removal if it were already satisfied with its own jurisdiction.

3 The costs of litigating the motions to dismiss for failure to state a claim are not properly attributable to the improper removal.  Those motions to dismiss would have been litigated in state court, in any case.  The transfer motion, which was based on a contractual forum selection clause, would presumably have been litigated in state court as a motion to dismiss for improper venue.  However, that inevitable motion to dismiss will now have to be litigated in Ohio after remand, so the litigation of the transfer motion represents an additional cost necessitated by the improper removal.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand and for Attorney's Fees and Costs (ECF No. 73) is DENIED as to fees and costs.

IT IS FURTHER ORDERED that the Counter-Motion for Attorney's Fees and Costs (ECF No. 74) is GRANTED IN PART.

IT IS SO ORDERED.

Dated this 13th day of April, 2015.

_____
ROBERT C. JONES
United States District Judge