UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEEHAN TENNESSEE INVESTMENTS, LLC et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | 3:14-cv-00500-RCJ-WGC |
| vs. | ) ) | ORDER |
| GUARDIAN CAPITAL ADVISORS, INC. et al., | ) ) ) ) | |
| Defendants. | ) | |

This case arises out of negotiations for a commercial loan and the lender's alleged dishonor of a promise to complete the transaction. Pending before the Court are two motions for attorney's fees. The Court grants the motions in part.

## I.  PROCEDURAL HISTORY

Plaintiffs filed the case in state court in Ohio. Defendants removed and prevailed on a motion to transfer the case to this District under 28 U.S.C. § 1404(a). The Court identified a potential lack of complete diversity because Plaintiff LLCs had alleged their citizenships as if they were corporations. The Court therefore ordered Defendants to make a further statement of removal to show complete diversity under § 1332(a). Defendants filed a Notice of Lack of

Diversity Jurisdiction when Plaintiffs' answers to their jurisdictional interrogatories revealed a lack of complete diversity. The Court granted Plaintiffs' subsequent motion to remand.[1]

Plaintiffs also requested attorney's fees and costs related to the improper removal under 28 U.S.C. § 1447(c), and Defendants filed a counter-motion for fees and costs. Each side accused the other of having caused the improper removal. Plaintiffs accused Defendants of having removed without any reasonable basis, and Defendants accused Plaintiffs of having caused Defendants to believe removal was proper by failing to properly plead their own citizenships. The Court found that fees and costs were available to Defendants under the circumstances insofar as they were incurred as a result of the removal, i.e., any fees related to the removal, the transfer motion, jurisdictional discovery, the remand motion, and administrative matters necessitated by the litigation in federal court that would not have been incurred in state court. Fees attributable to merits issues would presumably have been incurred even in the state court. Defendants have now filed their motions itemizing their requested fees.

## II.   LEGAL STANDARDS

> District courts must calculate awards for attorneys' fees using the lodestar method. The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations and internal quotation marks omitted). Factors that may be used to adjust the lodestar upward or downward include:

---

1 Although Defendants opposed the motion based on a contractual forum selection clause providing for exclusive jurisdiction in Reno, Nevada, the Court had no option but to remand. *See* 28 U.S.C. §1447(c). The Court noted that Defendants would have to make their venue-based arguments to the state court in Ohio via a motion to dismiss under Ohio Rule of Civil Procedure 12(b)(3). This Court had no subject matter jurisdiction over the case and therefore could not rule on the venue issue.

  (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 & n.2 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)).

**III. DISCUSSION**

  **A. Motion No. 78**

  The Court must first calculate the lodestar. The Court begins by assessing which hours were reasonably expended on the case. The Court will discount any claimed attorney labor that was not incurred as a result of the removal, which is Plaintiffs' primary objection to the requested fees. Defendants Praetorium Secured Fund I, L.P. and George Cresson seek a total of $26,499 for fees and costs payable to Lewis Roca Rothgerber ("LRR") and McDonald Hopkins ("MH"). The Court has examined the attached billing documentation and finds that LRR's claimed hours all relate to the removal,[2] and that MH's claimed hours relate to the removal except for the labor performed on May 23, 2014, May 27, 2014, June 5, 2014, October 1–13, 2014, November 12, 2014, and March 30, 2015. The total reduction from the $13,249.50 claimed by MH is $4478.50. The Court finds that the hours claimed for the compensable labor are not excessive. The Court will not adjust up or down from the lodestar, and no party argues that it should. Finally, the Court finds the rates of labor charged to be reasonable. The Court rejects Plaintiffs' argument that attorneys from different firms performed overlapping labor. It

---

2 Plaintiff complains of charges for $630 and $105 by LRR for undefined activities, but those amounts appear on billing statements as amounts due on past invoices Nos. 1096926 and 1099134. But later invoices Nos. 1107071, 1109338, and 1112459 (which are all attached) total $17,251, and the Court has confirmed that all entries on those invoices relate to the removal.

was the improper removal cause by Plaintiffs that necessitated Defendants' association of Nevada counsel in addition to Ohio counsel. In summary, Praetorium Secured Fund I, L.P. and George Cresson are entitled to $14,594.50[3] for LRR's fees and $8771 for MH's fees.

### B. Motion No. 80

Defendants Guadian Capital Advisors, Inc. and Kenneth Miller seek a total of $15,398.75 for fees and costs payable to Baker & Hostetler, LLP ("BH") and Kolesar & Leatham ("KL"). The Court has examined the attached billing documentation and finds that BH's claimed hours all relate to the removal, and that KL's claimed hours relate to the removal except for most of the labor performed between November 18–26, 2014, December 23, 2014, and January 21, 2015. The total reduction from the $3545 claimed by KL is $1905. The Court finds that the hours claimed for the compensable labor are not excessive. The Court will not adjust up or down from the lodestar, and no party argues that it should. Finally, the Court finds the rates of labor charged to be reasonable. In summary, Guadian Capital Advisors, Inc. and Kenneth Miller are entitled to $11,853.75 for BH's fees and $1640 for KL's fees.

### C. Costs

No separate objection as to Praetorium Secured Fund, I, L.P.'s Bill of Costs (ECF No. 79) has been filed, and Plaintiffs have not objected to the bill via their response to the motions for attorney's fees and costs. The deadline for objections having passed on May 15, 2015, the Court will order the Clerk to tax costs in the requested amount.

///

///

---

3 This is the amount requested in Mr. Hoffman's affidavit, although the total of the three subtotals of the attached invoices from LRR is $17,251. It is not clear where the figure $14,594.50 came from, but is it less than the maximum amount to which LRR has shown itself to be entitled, i.e., $17,251.

**D.     Additional Fees**

In their reply, Praetorium Secured Fund I, L.P. and George Cresson seek additional fees incurred since the original motions were filed, specifically, labor incurred due to the attorney's fees motions.  The Court will not consider this request for additional fees.  First, Plaintiffs have not had an opportunity to object to these requests.  Second, the Court will not permit the attorney's fees issue to result in a "second major litigation," with additional motions filed ad infinitum each time Defendants incur more fees litigating the compensability of previous fees. *See Hensley*, 461 U.S. at 437.  A better practice is to include fees incurred in litigating a fee motion contemporaneously with the fee motion itself, with an estimate of the fees yet to be incurred with respect to the impending reply.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions for Attorney's Fees and Costs (ECF Nos. 78, 80) are GRANTED IN PART.  Praetorium Secured Fund I, L.P. and George Cresson are entitled to $23,365.50 in attorney's fees.  Guardian Capital Advisors, Inc. and Kenneth Miller are entitled to $13,493.75 in attorney's fees.  The Clerk shall enter judgment against Plaintiffs, jointly and severally, accordingly.

IT IS FURTHER ORDERED that the Clerk shall tax costs in accordance with the Bill of Costs (ECF No. 79).

IT IS SO ORDERED.

DATED: June 1, 2015.

_____
ROBERT C. JONES
United States District Judge